**SIGNED this 06 day of February, 2009.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **WinPar Hospitality Chattanooga, LLC** | ) | **No. 07-11908** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **Richard P. Jahn, Jr., Trustee** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adv. No. 08-1149** |
| | ) | |
| **United States of America** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM**

This proceeding is before the court on a motion for partial summary judgment filed by the trustee and a cross-motion for summary judgment and motion to dismiss filed by the United States. The trustee brought this action against the United States for allegedly violating the

automatic stay imposed by 11 U.S.C. § 362 in that the United States has commenced proceedings in the United States District Court for the Middle District of Florida with a view to forfeiting property that is property of the estate. The complaint seeks damages for violating the stay, an injunction, and other relief. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties agree that no material facts are in question and that the issue is appropriate for summary judgment.

On May 18, 2007, the debtor, Winpar Hospitality Chattanooga, LLC, filed a voluntary petition commencing a chapter 7 case. Its principal asset was a piece of real estate located at 509 Riverfront Parkway, Chattanooga, Tennessee, which the trustee sold on or about April 2, 2008, for $7,200,000. Pursuant to this court's order, a lien asserted by creditors Atlantic American Capital Group, LLC, Atlantic American Corporate Group, LLC, and four individuals attached to the sale proceeds in the amount of $2,500.000.

On April 28, 2008, the United States commenced a civil forfeiture action against the real estate in question and its proceeds in the United States District Court for the Middle District of Florida. The verified complaint filed by the United States alleged that the Riverfront Parkway property was forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) in that it was purchased with the proceeds of pre-petition violations of certain criminal statutes, namely 18 U.S.C. §§ 1343 (wire fraud) and 1956 and 1957 (money laundering). According to the forfeiture complaint, one Frank Amodeo controlled a company that was involved in massive tax fraud, wire fraud, and money laundering. The material allegation is that the Riverfront Parkway property was

purchased with the proceeds from Amodeo's scheme to defraud his clients and is thus subject to forfeiture.

As a result of the civil forfeiture complaint, the United States Magistrate Judge in Florida issued a warrant of arrest *in rem* for the proceeds of the property's sale, which were then and are now in the possession of the bankruptcy trustee here. A few days thereafter, on April 30, 2008, the United States, relying on the arrest warrant, filed a motion in this court to compel a turnover of the funds in question or, in the alternative, to lift the automatic stay. The United States has not actually served the arrest warrant on the trustee, cautiously preferring to await a decision of this court on whether the automatic stay bars such action.

The essential question before the court is whether or not there is any bankruptcy stay in effect that prevented the United States from commencing its forfeiture proceeding. Normally, of course, once a bankruptcy case is filed an automatic stay arises to prevent creditors of the debtor from taking any actions against the debtor or the debtor's property or property of the estate. 11 U.S.C. § 362 (a). An exception to the stay is found at 11 U.S.C. § 362(b)(4), which specifically permits actions to obtain possession of property of the estate if they have been taken "to enforce such governmental unit's or organization's police and regulatory power."

The pending forfeiture action is civil in nature and is an *in rem* proceeding against the property itself under 18 U.S.C. § 981(a)(1)(A) and (C). The trustee contends this action is prohibited by the automatic stay of actions against the property of the estate, whereas the United States maintains that 11 U.S.C. § 362(b)(4) excepts the forfeiture action from the operation of the stay. Section 362(b)(4) excepts from the stay such actions against property of the estate as are

-3-

brought by a governmental unit "to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."

The leading case in this circuit is *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374 (6th Cir. 2001), in which the court applied the "pecuniary purpose" test and the "public policy" test and held:

> [C]ourts should examine the type of enforcement action brought and the relationship between a particular suit and Congress' (or a state's) declared public policy. When an action furthers both public and private interests and the private interests do not significantly outweigh the public benefit from enforcement, courts should defer to the legislature's decision to vest enforcement authority in the executive and recognize such actions as within "such governmental unit's police and regulatory power," as that term is used in § 362(b)(4).

*Id.* at 390. The court went on to say that a "suit must be undertaken principally to adjudicate private rights, with only an incidental public interest in the litigation, for it to fall outside the police power exception." *Id.* at 391.\*

In deciding *Chao*, the Sixth Circuit relied on its previous case, *Word v. Commerce Oil Co. (In re Commerce Oil Co.)*, 847 F.2d 291 (6th Cir. 1988), in which the court announced its adher-

---

\* *Chao* did not involve either a civil or criminal forfeiture action by the government, but rather a lawsuit by the Secretary of Labor to recover wages that employees should have been paid under the Fair Labor Standards Act. The Secretary's lawsuit was barred by the automatic stay because, under the circumstances, there would have been little or no public benefit from it and only the employees stood to gain from the recovery in their private capacities.

ence to the "pecuniary purpose" and "public policy" tests. In *Commerce Oil*, the court explicitly recognized that "*[p]unishing wrongdoers, deterring illegal activity*, recovering remedial costs of damage to the environment, providing for the costs of administration and weighing the social and economic value of a discharge source are exercises of the state's regulatory power to effectuate public policy and are not actions based upon the state's property interests." *Id.* at 296 (emphasis added).

The United States Supreme Court, in the analogous circumstances of a civil forfeiture under 21 U.S.C. § 881(a)(4) and (7) (drug offenses), directly held, after a thorough review of the law of forfeiture, that forfeiture under § 881 constituted punishment. "We conclude, therefore, that forfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment." *Austin v. United States,* 509 U.S. 602, 618 (1993). The Court specifically recognized the punitive and deterrent aspects of civil forfeiture, *id.* at 620, and found the purpose of civil forfeiture to be not mainly remedial. *Id.* at 621. Based on its understanding of civil forfeiture as punishment and deterrence and hence as measures for the suppression of crime, the Court held that the Eighth Amendment's excessive fines clause applied to *in rem* civil forfeiture proceedings.

Given this background, it is not surprising that most of the courts that have addressed the issue presented in this proceeding have held that forfeiture actions involving alleged proceeds of criminal activity come within the police power exception to the automatic stay. *James v. Draper (In re James),* 940 F.2d 46, 50-51 (3d Cir. 1991) (holding that a civil forfeiture action proceeding is an exception to the automatic stay under the "police power" exception of § 362(b)(4)); *United*

*States v. 45 Poquito Road*, No. CV 04-326-MA, 2006 WL 2233645 at *4 (D. Ore. Aug. 2, 2006) (holding no bankruptcy stay in effect because the primary purpose behind 18 U.S.C. § 981 is to punish and deter offenders rather than to compensate and reward the government); *Schmidt v. United States Marshal's Serv. (In re Villarreal)*, Ch. 7 Case No. 06-70358, Adv. No. 06-7028, 2007 WL 470507 at *3 (Bankr. S.D. Tex. Feb. 8, 2007) ("Drug forfeiture proceedings fall within the police and regulatory exception to the automatic stay."); *Brewer v. United States (In re Brewer)*, 209 B.R. 575, 577 (Bankr. S.D. Fla. 1996).

In a case very similar to the one at bar, the Bankruptcy Appellate Panel for the Ninth Circuit held that sale proceeds in a trustee's hands, which constituted the *res* in a forfeiture action, were not protected by the automatic stay. The court held:

> The pecuniary purpose test is satisfied because the government's primary motive is to punish Debtor and enforce a policy that is meant to deter not only Debtor but others who might be tempted to traffic in illegal drugs. Even though the government ultimately might obtain a pecuniary benefit if successful in the Action, this does not change the primary purpose behind 21 U.S.C. § 881(a)(7), which is to punish and deter offenders rather than to compensate and reward the government for pursuing the Property. As for the public policy test, the government is not seeking through the Action to litigate private rights.

*United States v. Klein (In re Chapman)*, 264 B.R. 565, 570 (B.A.P. 9th Cir. 2001). The *Chapman* court also considered whether 11 U.S.C. § 726(a)(4), which provides that forfeiture claims are to be paid after all unsecured claims have been paid, could be considered somehow to invalidate or trump the provisions of § 362(b)(4). The court held:

> Now, trustee's problem is that once the government obtains a forfeiture judgment, it can assert that the proceeds are not property of the estate based on the relation-back doctrine: this is what troubled the bankruptcy court. The bankruptcy court

> saw the Action as circumventing the distribution priorities in §726 and preferring the government over unsecured creditors . . . . As previously discussed, there is no conflict between § 726(a)(4) and § 362 (b)(4). Indeed the conflict here arises because of the relation-back doctrine and the possibility that the Property, when all is said and done, may not be property of the estate. However, if that happens, it is because that is the appropriate result under the law. Under § 362(b)(4), the government is not stayed from pursuing the Action to judgment even if the end result is that the Proceeds are not property of the estate.

*Id.* at 572. Section 726(a)(4) is a distribution statute governing the paying of creditors' claims. The position of the United States is not that it is a claim holder in this case: it has never filed a claim. Rather, it contends it *owns* the property in question by virtue of forfeiture.

For of the foregoing reasons, this court concludes that the government's civil forfeiture action in the Southern District of Florida meets the "pecuniary interest" and "public policy" tests as described in *Commerce Oil* and *Chao*. Although the defrauded victims in the criminal case might ultimately benefit from a successful forfeiture action by the government, that outcome does not significantly outweigh the well recognized public benefits of such an action, namely the punishment of a criminal and the deterrence of others who might be like minded. The *in rem* forfeiture action in this case is closely correlated to and dependent on serious criminal activity. As such, it falls within the police powers exception specified at 11 U.S.C. § 362(b)(4) and therefore is not stayed by the Bankruptcy Code.

In the brief in support of his motion for summary judgment, the trustee makes a collateral attack on the jurisdiction of the District Court for the Middle District of Florida, arguing that forfeiture law in general requires the forfeiture court to have possession of the *res* to be forfeited as a prerequisite to its jurisdiction. He then argues that this cannot be the case because the bankruptcy

court has exclusive jurisdiction over the property of the estate, i.e., the sale proceeds now in the hands of the trustee. Regardless of the propriety of the collateral attack in this court, the short answer to the trustee's argument is that jurisdiction can be concurrent in two courts. In *Chao*, the Sixth Circuit explained:

> [T]he exclusivity of the bankruptcy court's jurisdiction reaches only as far as the automatic stay provisions of 11 U.S.C.§ 362. That is, if the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court. If the automatic stay does not apply—e.g., if an exception to the stay covers the action is question—the bankruptcy court's jurisdiction is concurrent with that of any other court of competent jurisdiction.

*Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d at 383. Because this court holds that no stay applies to the forfeiture action commenced in the Middle District of Florida, the district court there apparently has concurrent jurisdiction and the United States may proceed with its action.

As for the trustee's argument that the district court cannot have jurisdiction in an *in rem* forfeiture action without possession of the *res* and therefore cannot proceed in the civil forfeiture action, certain amendments made to 28 U.S.C. § 1355 in 1992 make it clear that district courts may indeed proceed by issuing process, in this case a warrant of arrest for property, to be served in any district:

> Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action.

28 U.S.C. § 1355(d). Thus the district court's jurisdiction does not depend on its initial possession of the *res*, for it now clearly has the necessary jurisdiction to issue process to bring the *res* before it. The Second Circuit has observed:

> This national service of process provision clearly conferred *in rem* jurisdiction on district courts in forfeiture proceedings with respect to property located within another judicial district in the United States. . . .
>
>     . . . .
>
> As noted above, by allowing nationwide service of process, newly adopted § 1355(d) clearly provides district courts with the required control over property located within the United States.

*United States v. All Funds on Deposit in Any Accounts Maintained in the Names Of Meza or De Castro*, 63 F.3d 148, 152 (2d Cir. 1995) (citing *United States v. $633,021.67 in U.S. Currency*, 842 F. Supp. 528, 531-32 (N.D. Ga. 1993); *United States v. Contents of Account No. 2033301*, 831 F. Supp. 337, 340 (S.D.N.Y. 1993)); *accord*, *United States v. Floyd*, No. 04-94-KSF, 2007 WL 316910 (E.D. Ky. Jan. 30, 2007); *see United States v. Carbonneau*, 513 F.3d 991, 998 (9th Cir. 2008) ("The plain language and legislative history of the 1992 amendments makes clear that Congress intended § 1355 to lodge jurisdiction in the district courts without reference to constructive or actual control of the res."); *United States v. Contents of Account No. 03001288*, 344 F.3d 399, 403-05 (3d Cir. 2003) (examining the legislative history of § 1355 and concluding that possession of *res* was no longer required for jurisdictional purposes); *United States v. All Funds in Account Nos. 747.034/278, 747.009/278, & 747.714/278 Banco Espanol de Credito*, 295 F.3d 23, 27 (D.C. Cir. 2002) (holding that § 1355 changed the traditional requirement that a *res* must be in possession of the forfeiture court). It thus appears that the trustee's extraneous arguments about the district court's jurisdiction are mistaken.

For the foregoing reasons, the court finds that the civil forfeiture action commenced by the United States in the United States District Court for the Middle District of Florida is not barred by the automatic stay in this case because it is permitted by a statutory exception to the stay. The trustee's motion for partial summary judgment will therefore be denied because he cannot prove a violation of the stay. The United States' motion for summary judgment will be granted insofar as it requests dismissal of the complaint initiating this adversary proceeding. An appropriate order will enter.

# # #